IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| APACHE CORPORATION, | § § § | |
| Plaintiff | § | |
| v. | § § | Civil Action: _____ |
| JOHN CHEVEDDEN | § § | |
| Defendant. | § § | |

## Plaintiff's Original Complaint

Plaintiff Apache Corporation ("Apache") files this complaint for declaratory judgment against defendant John Chevedden ("Chevedden").

I.

Parties

1. Plaintiff Apache is a Delaware corporation, with its principal office and principal place of business in Houston, Texas.

2. Defendant Chevedden is an individual residing in Redondo Beach, California and may be served with process and a copy of this complaint at 2215 Nelson Avenue, No. 205, Redondo Beach, CA 90278.

II.

Jurisdiction and Venue

3. This Court has federal question jurisdiction over this matter under 28 U.S.C. § 1331, and has diversity jurisdiction over this matter under 28 U.S.C. § 1332. This Court also has jurisdiction over this matter under § 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa because the act or transaction about which defendant has complained may be enforced in this district, and because defendant has transacted business in this district with respect to the

1000004v1/011803

matters at issue in this lawsuit.

4. There is an actual controversy between Apache and defendant. Defendant has requested the inclusion of a proposal in Apache's proxy statement for its annual meeting of stockholders even though he has failed to provide the required proof of ownership that would entitle him to include a proposal in Apache's proxy materials. This action involves amounts in excess of the minimum jurisdictional requirements of this Court.

5. Personal jurisdiction and venue are proper in this district because defendant directly and intentionally has transacted business in this district that goes to the heart of the matters at issue here. Defendant sent Apache a letter in this district seeking to influence how Apache conducts business under the guise of a "simple majority vote" proposal in Apache's proxy materials, and for consideration at Apache's next annual shareholder meeting in May 2010, which will be held in this district. Defendant has sought to influence the manner in which Apache conducts its business in this district, even though defendant has failed to demonstrate that he is a record holder of Apache stock. A substantial part of the events giving rise to, and at issue in, this lawsuit occurred in this district.

III.

Facts

6. On November 9, 2009, Chevedden submitted a proposal for inclusion in Apache's upcoming proxy statement (the "Proposal") purportedly in reliance on Rule 14a-8 under the Securities Exchange Act of 1934 (17 CFR 240.14a-8). The Proposal states it "is submitted for the next annual shareholder meeting," scheduled for May 2010 in Houston, Texas.

7. The Proposal requests that Apache "take the steps necessary so that each shareholder voting requirement in our charter and bylaws, that calls for a greater than simple

majority vote, be changed to a majority of the votes cast for and against the proposal in compliance with applicable laws." The Proposal is a cookie-cutter proposal that Chevedden has sent to dozens of companies each year as part of his well-documented abuses of the rule.

Chevedden's Proposal<br>
<u>Improperly Omits Proof of Stock Ownership</u>

8.    In his cover letter to his Proposal, Chevedden says that "Rule 14a-8 requirements are intended to be met including continuous ownership of the required stock value until after the date of the respective shareholder meeting and presentation of the proposal at the annual meeting." However, Chevedden did not include the requisite proof of ownership of Apache stock as would be required by Rule 14a-8.

9.    On November 27, 2009, Chevedden submitted a letter from RAM Trust Services ("RTS") purporting to "confirm" that "Chevedden has continuously held no less than 50 shares" of Apache stock in an account at RTS since November 7, 2008.

<u>Neither Chevedden Nor RTS Are Record Holders of Apache Stock</u>

10.    Upon receipt of Chevedden's purported proof of ownership, Apache reviewed its list of record owners of Apache stock to determine and verify whether either Chevedden or RTS actually was a record holder of Apache stock who could be eligible to submit a proposal for inclusion in Apache's proxy statement. Neither Chevedden nor RTS are listed in Apache's stock records as record holders of Apache common stock.

<u>First "Deficiency Notice" to Chevedden</u>

11.    On December 3, 2009, Apache sent Chevedden a letter informing him of his failure to comply with the procedural requirements of Rule 14a-8, and explained how he could cure those procedural deficiencies (the "Deficiency Notice"). In the Deficiency Notice, Apache explained:

Apache has reviewed the list of record owners of the company's common stock, and neither you, nor RAM Trust Services are listed as an owner of Apache common stock. Pursuant to the SEC Rule 14a-8(b), since neither you nor RAM Trust Services is a record holder of Apache common stock, you must provide a written statement from the record holder of the shares you beneficially own verifying that you continually have held the required amount of Apache common stock for at least one year as of the date of your submission of the proposal.

12. Chevedden responded the same day asserting that "a company must notify the proponent of any defect within 14-days of the receipt of a rule 14a-8 proposal," and that "for nearly a month there was no company notice of any defect." Chevedden did not attempt to cure his defect by submitting a written statement from any record holder of his purported shares.

Second "Deficiency Notice" to Chevedden

13. On December 8, 2009, Apache sent Chevedden another letter of deficiency (the "Second Deficiency Notice"). In the Second Deficiency Notice, Apache explained that:

neither you, nor RAM Trust Services, are listed as a record holder of Apache stock. Therefore, you have 14 calendar days from the date of [Apache's December 3, 2009] letter to provide us with a written statement from the record holder of the shares you beneficially own verifying that you continually have held the required amount of Apache common stock for at least one year as of the date of your submission of the proposal. Failure to meet this deadline may result in your proposal being excluded from Apache's 2010 proxy statement.

14. Chevedden responded by forwarding yet another letter from RTS. This letter stated: "As introducing broker for the account of John Chevedden, held with Northern Trust as custodian, Ram Trust Services confirms that John Chevedden has continuously held no less than 50 shares for the following security since November 7, 2008: Apache Corp (APA)."

15. Upon receipt of Chevedden's new purported proof of ownership, Apache reviewed its list of record owners of Apache stock to determine and verify whether Northern Trust was a record holder of Apache stock who could be eligible to submit a proposal for inclusion in Apache's proxy statement. Neither Chevedden, RTS, nor the alleged custodian

Northern Trust are listed in Apache's stock records as record holders of any Apache common stock.

16. As required by Rule 14a-8(j), concurrent with the filing of this complaint, Apache is submitting a letter to the U.S. Securities and Exchange Commission (the "SEC") notifying the SEC that Apache intends to exclude Chevedden's Proposal from the proxy materials for Apache's upcoming annual meeting of stockholders.

IV.

Declaratory Judgment

17. Apache incorporates the allegations above.

18. In accordance with 28 U.S.C. § 2201, an actual controversy exists between Apache on the one hand, and Chevedden on the other hand.

19. Rule 14a-8(b)(1) provides "[i]n order to be eligible to submit a proposal, you must have continuously held at least $2,000 in market value, or 1% of the company's securities entitled to be voted on the proposal at the meeting for at least one year by the date you submit the proposal." Chevedden never submitted proof of this requisite ownership.

20. Rule 14a-8(b)(2)(i) provides "if like many shareholders you are not a registered holder . . . you must prove your eligibility . . . [by submitting] to the company a written statement from the *'record' holder* of your securities (usually a broker or bank) verifying" your ownership of company stock. Neither Chevedden, his purported introducing broker, RTS, nor the alleged custodian Northern Trust, is a record holder of Apache stock.

21. Rule 14a-8(f) provides "[t]he company may exclude your proposal, but only after it has notified you of the problem, and you have failed adequately to correct it." Apache timely notified Chevedden of the defect in his Proposal. Chevedden failed to correct it.

22. Accordingly, Apache seeks, and is entitled to, a declaration that it properly may exclude the Proposal from Apache's proxy materials in accordance with Rule 14a-8(b) and (f).

23. Apache also seeks, and is entitled to, its attorneys' fees and expenses in connection with obtaining this declaratory relief.

V.

Relief Sought

24. Apache requests that this Court declare that Apache properly may exclude defendant's Proposal from Apache's proxy materials in accordance with Rule 14a-8(b) and (f) of the Securities and Exchange Act of 1934. Apache also respectfully requests that it have judgment against defendant for costs of court, attorneys' fees and expenses, and such other and further relief to which Apache justly is entitled.

Dated: January 8, 2009

Respectfully submitted,

/s/ Geoffrey L. Harrison
Geoffrey L. Harrison
Attorney-in-Charge
Texas State Bar No. 00785947
SD/TX Admissions No. 16690
Chanler A. Langham
Texas State Bar No. 24053314
SD/TX Admissions No. 659756
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, #5100
Houston, TX 77002
Tel.: (713) 651-9366
Fax: (713) 654-3367
E-mail: gharrison@susmangodfrey.com
E-mail: clangham@susmangodfrey.com

*Attorneys for Plaintiff Apache Corporation*